# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

   **v.**                                                          **Case No.   92-Cr-178**

**ERNEST PARKER,**

        **Movant.**

## DECISION AND ORDER

On September 6, 2005, the Court received Parker's "Motion for Recall of Mandate Due to Fraud Upon the Court and to Void Judgment for Any Other Reason Justifying Relief from the Operation of the Judgement Pursuant to F.R.C. Pr. [sic] Rule 60(b)(3)(4) and (6). The Court will not provide an exhaustive history of Parker's legal proceedings; the following should suffice: He is currently serving a 420-month sentence based on his conviction, in 1992, for conspiracy to possess cocaine with intent to distribute. Previously in 1990, Parker was convicted of one count of knowingly and intentionally possessing cocaine base and knowingly and intentionally possessing heroin.

In his motion, Parker explains that it is not his conviction–presumably the 1992 one–that he challenges, but defects in his § 2255 proceedings in 1995. (Mot. 3.) According to Parker's motion, his § 2255 motion was denied by the district court in 1995 and affirmed

on appeal in 1997. Parker's petition for a writ of certiorari from the Supreme Court was also denied in 1997. Without proceeding further, the Court concludes that the portion of Parker's motion invoking Rule 60(b)(3) is doomed. Rule 60 of the Federal Rules of Civil procedure clarifies that "[t]he motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(b). Parker's current motion has been brought well past the one-year time frame permitted by Rule 60.

Even if the Court considered the substance of Parker's arguments, he fares no better. The crux of Parker's motion is that the United States, when addressing his § 2255 motion, perpetrated a fraud on the Court by arguing that Parker had been involved in two separate conspiracies. Parker claims that this position contradicted the United States' earlier position that his 1992 conviction, as well his prior 1990 conviction, were based on a single conspiracy.

First, the Court wonders why Parker now raises a theory for relief that should have been properly raised when he appealed the denial of his § 2255 motion. *See Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). Furthermore, in his instant motion, Parker invokes double jeopardy (see Motion 6), an argument that the court of appeals already disposed of when considering the appeal of his § 2255 motion as lacking any merit. The court of appeals, in affirming the dismissal of Parker's Section 2255 motion, stated:

> There is a more fundamental reason, however, as to why the Double Jeopardy Clause was not violated in this case. Parker was not prosecuted for engaging

2

> in two conspiracies. The first conviction was for the acts of possessing with intent to distribute cocaine and heroin. The second conviction was for conspiracy to possess cocaine. The commission of a substantive offense and conspiring to commit that offense are two separate crimes.

Thus, Parker's Section 2255 claim was denied and that denial was affirmed on the understanding that the 1990 and 1992 convictions constituted separate offenses.

Parker's argument has some basis in the record. Specifically, some of the transcripts that Parker has provided in support of his motion do evince a certain lack of precision regarding the distinction between the two actions. In fact, the district court decision originally disposing of Parker's § 2255 motion speaks of "two different conspiracies." At any rate, nothing before this Court suggests that the resolution of Parker's § 2255 motion, or the proceedings related thereto, warrants the grant of a Rule 60 motion.

Parker, with his Rule 60 motion, also submitted a motion for judicial notice containing various transcript excerpts. Though ultimately denying his Rule 60 motion, the Court has considered the proffered transcript excerpts and, thus, grants the motion for judicial notice.

3

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Parker's Motion for Judicial Notice (Docket No. 252) is **GRANTED**.

Parker's Motion for Recall of Mandate Due to Fraud Upon the Court and To Void Judgment for Any Other Reason Justifying Relief from the Operation of the Judgment Pursuant to F.R.C. Pr. [sic] Rule 60(b)(3), (4) and (6) (Docket No. 253) is **DENIED**.

Dated at Milwaukee, Wisconsin this 23rd day of June, 2006.

                              **BY THE COURT**

                              s/ Rudolph T. Randa
                              **Hon. Rudolph T. Randa**
                              **Chief Judge**