UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ERNEST R. PARKER,

        Defendant.

Case No. 92-cr-178-pp

---

**ORDER GRANTING JOINT MOTION FOR AN ORDER IMPOSING A STIPULATED SENTENCE (DKT. NO. 309), VACATING THAT PORTION OF THE NOVEMBER 19, 2018 ORDER REQUIRING THE PROBATION DEPARTMENT TO FILE AN UPDATE TO THE PSR BY DECEMBER 21, 2018 (DKT. NO. 307), REMOVING FEBRUARY 6, 2019 SENTENCING HEARING FROM THE CALENDAR AND IMPOSING AGREED SENTENCE**

---

On November 19, 2018, the court granted the parties' joint request to vacate the sentence imposed by Judge Robert Warren on March 18, 1993, because Judge Warren had calculated the sentence under a sentencing guideline that the Supreme Court since has deemed constitutionally infirm. Dkt. No. 307. The court also scheduled a re-sentencing hearing for February 6, 2019 at 9:30 a.m., and ordered the probation department to file an update, or addendum, to the original presentence investigation report by December 21, 2018. Id.

On December 13, 2018, the parties filed a joint motion. Dkt. No. 309. The motion indicates that after consultation with the probation department, the parties have agreed to ask the court to impose a stipulated sentence of time served as of February 1, 2019, with new conditions of supervision. Id. at 1.

1

They ask the court to remove the February 6, 2019 re-sentencing hearing from the calendar, and to issue an amended judgment imposing the sentence to which they have agreed. Id. The court has reviewed the case, and the parties' explanation for their recommended sentence. The court finds the parties' recommendation appropriate, given all the circumstances recounted in the stipulation.

The court **GRANTS** the joint motion for an order imposing a stipulated sentence. Dkt. No. 309.

The court **VACATES** that portion of its November 19, 2018 order requiring the probation department to prepare an update/memorandum to the presentence investigation report, to be filed on the docket by the end of the day on December 21, 2018. Dkt. No. 307 at 2-3.

The court **ORDERS** that the re-sentencing hearing scheduled for February 6, 2018 at 9:30 a.m. is **REMOVED** from the hearing calendar.

The court **ORDERS** that defendant Ernest R. Parker is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **time served as of February 1, 2019, so long as there is space available at a residential reentry center by that date. If there is no space available at a residential reentry center by February 1, 2019, the court ORDERS that the Bureau of Prisons shall release Ernest Parker as soon after that date as space becomes available.**

The court **ORDERS** that upon release from imprisonment, the defendant shall be on supervised release for a term of **five (5) years**.

The court **IMPOSES** the following conditions of supervised release:

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons and shall report to the probation officer in a manner and frequency as reasonably directed by the probation officer.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance and shall refrain from any unlawful use of a controlled substance.

The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests within one year from the commencement of supervision, as determined by his supervising probation officer.

The defendant shall not own, possess or have under the defendant's control a firearm, ammunition, destructive device or dangerous weapon.

After release from imprisonment, the defendant shall reside in a residential reentry center upon the first available vacancy for a period not to exceed 180 days. The defendant shall obey the rules of that facility and shall acknowledge in writing that he has received those rules.

The defendant shall not knowingly leave the federal judicial district without first getting permission from his supervising probation officer.

The defendant shall follow the instructions of the probation officer designed to make sure the defendant complies with the conditions of supervision.

The defendant must answer truthfully questions the probation officer asks him that relate to the conditions of supervision, subject to his Fifth Amendment right against self-incrimination.

The defendant must work full-time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. (If the defendant is enrolled in an educational institution or in a job training program, and the probation office can verify that enrollment and the hours of participate, that counts toward the 30-hour work requirement). If the defendant does not have full-time employment, the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where he works or anything about his work (such as his position or job responsibilities), he must tell the probation officer at least ten calendar days before the change. If telling the probation officer in advance is not possible due to unanticipated circumstances, the defendant must tell the probation officer within 72 hours of the change.

The defendant must live at a place approved by the probation officer. If the defendant plans to change where the defendant lives or anything about the defendant's living arrangements (such as the people the defendant lives with), he must tell the probation officer at least ten calendar days before the change. If telling the probation officer in advance is not possible due to unanticipated circumstances, the defendant must tell the probation officer within 72 hours of the change.

If the defendant knows that someone is committing a crime, or planning to commit a crime, the defendant shall not knowingly associate with that person in any way (talk to the person on the phone, text the person, socialize with the person, catch rides with the person).

The defendant shall allow the probation officer to visit the defendant at reasonable times, at home or other reasonable locations, and the defendant must permit the probation officer to take any items prohibited by the conditions of supervision that the probation officer observes in plain view.

If the defendant is arrested or questioned by a law enforcement officer (even if the questioning is about someone else, or something that doesn't have anything to do with the defendant), he must tell the probation officer about the police contact within 72 hours.

The defendant shall not make any agreement with a law enforcement agency to act as an informer or a special agent without first getting the permission of the court.

The defendant shall pay the balance of any fine at a rate of not less than $20.00 per month. The defendant shall apply 100 percent of any annual income tax refunds (state and federal) toward paying the fine. The defendant shall not change exemptions claimed for either federal or state income tax purposes without prior notice to his supervising probation officer.

Within sixty days of his release from the residential reentry center, the defendant shall work with his supervising probation agent to make an

appointment to come in and meet with Judge Pepper.

The court will enter judgment reflecting this sentence.

Dated in Milwaukee, Wisconsin this 17th day of December, 2018.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **United States District Judge**